# STERLING LAW FIRM, LLC

yvette@ysterlinglaw.com
**400 High Street, Ste A**
**Burlington City, New Jersey 08016**
*Tel 609 526-2333 Fax 609 526-2331*

September 22, 2008

The Honorable Joel Schnieder
United States Magistrate Judge
United States Courthouse
One John F. Gerry Plaza
4th & Cooper Streets
Camden, New Jersey 08101

**RE:** *Major Tours, Inc. v. Michael Colorel, et al.*
Docket No.: 05-cv-03091-JBS-JBR

Dear Judge Schnieder:

Plaintiffs request your understanding in the resolution of the recent issues with discovery in this matter. Defendants served plaintiffs with 114 new document requests. These are time consuming and while plaintiffs contend that they have provided all responsive documents, it is still a tedious and laborious task responding to these Requests. Accordingly, Plaintiffs request additional time to respond.

In regards to the interrogatories, Plaintiffs do need additional time to also respond. While it is true that there are three attorneys firms working on this matter, this undertaking has coincided and conflicted with schedules including vacation calendar. Accordingly, we are requesting that Plaintiffs be awarded until October 16, 2008 to respond to the defendants' additionally served interrogatories.

Mr. Barnes' request that the Plaintiff's Mediation Statement be placed under seal is acceptable to us. We are only requesting that Plaintiffs be allowed to use the mediation statement as responsive to the requirement that plaintiffs serve their written settlement demand.

Mr. Pollinger has also served interrogatories and we must apologize as they were not responded to due to counsel's mistaken belief that they were also connected to the State's interrogatories and the date had not yet been set for that response. Accordingly, we are requesting additional time to respond to Mr. Pollinger's request. Plaintiffs believe that they have been responsive to all Discovery. Therefore, these requests are superfluous. However, in order to be fully responsive, they will respond to all discovery requested by the parties and which are within the confines of the Court Rules and requirements.

Mr. Pollinger has objected that he has not been provided with responsive discovery. However plaintiffs Major and M & M tours have bent backwards in trying to accommodate every request made by Mr. Pollinger and his client. Mr. Pollinger has used the discovery procedure towards his end of getting his client dismissed from this case. Accordingly, it has been extremely difficult and has been time consummating dealing with his constant objections to the discovery provided. As whether he is served or not with responses, if it does not comport with his idea of what the response should be and therefore

*supportive of his client's position, he states that he has not been served or the documents are not responsive.*

*It is not plaintiffs' intention to be dilatory or evasive in this matter. We have attempted to deal as expeditiously and ethically as is demanded by the Federal Rules with this matter. Accordingly, dismissing the case as a sanction would be a very stringent order.*

*Accordingly, Plaintiffs request that the Court grants an extension in which to respond and that they be provided until October 16, 2008 to completely respond to all discovery requests.* 

*As always your understanding and considerations in this matter are most graciously appreciated.*

Sincerely,
**STERLING LAW FIRM, LLC**

/S/
by:
Yvette C. Sterling, Esquire

YCS
cc:   Albert D. Barnes, DAG (Via Electronic Mail)
      Nonee Wagner, DAG (Via Electronic Mail)
      William J. Pollinger, Esquire VIA Facsimile Transmission only)

REQUEST DENIED.

So Ordered this 23rd day
of September, 2008

JOEL SCHNEIDER, USMJ