IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAJOR TOURS, INC., et. al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 05-3091 (JBS/JS) |
| v. | |
| MICHAEL COLOREL, et. al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court on Plaintiffs' motion for reconsideration of this Court's June 22, 2010 Opinion and Order [Docket Item 331]. The Court finds as follows:

    1. Plaintiffs seek reconsideration of the dismissal of the racial discrimination claims against Defendant Legriede, arguing that the various versions of pleadings in this case collectively state a claim and that it would be inappropriate to dismiss the claims in the Third Amended Complaint after discovery has been conducted.[1] Plaintiffs also ask the Court to reconsider the denial of Plaintiffs' motion to file a Fourth Amended Complaint.

    2. The Court's Opinion of June 22, 2010 found that neither the Third Amended Complaint nor the proposed Fourth Amended

---

[1] Although Plaintiffs fail to specify exactly which claims against Defendant Legriede they want reconsidered, the Court infers that they ask for reconsideration as to the racial discrimination claim as that is the case law referred to in the brief.

Complaint contained sufficient factual allegations to state a claim of racial discrimination against Defendant Legriede. [Docket Item 324.]  Specifically, the Court found that even after years of discovery Plaintiffs were still only able to allege that Defendant Legriede knew or should have known about allegations regarding discriminatory bus inspections.  This is an insufficient factual basis for a § 1983 racial discrimination claim because even if knowledge of allegations is the same as actual knowledge of the discrimination, there is still no evidence of "circumstances under which the supervisor's inaction could be found to have communicated a message of approval." Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997) (quoting Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988)).  On the contrary, Plaintiffs conceded in their brief opposing dismissal that Legriede had disciplined Defendant Shulze and sent him to racial sensitivity training.  (Pls.' Br. Opp. Dismissal 12.)

    3.   Absent a change in the law or availability of new evidence (neither of which Plaintiff alleges), to prevail on a motion for reconsideration the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (citations omitted).

2

4.   Plaintiffs do not raise any "dispositive factual matters or controlling decisions of law" that were raised previously and not considered.  <u>See</u> <u>id.</u>  Instead, the focus of Plaintiffs' argument is that the Court should have considered allegations made in superceded complaints.  This argument is triply meritless:  First, the single page of Plaintiffs' brief on the motion to dismiss regarding the sufficiency of the racial discrimination allegations did not point to any paragraphs of any complaint.  Second, even if Plaintiffs had pointed to other specific allegations in other complaints, those allegations would be superceded by the Third Amended Complaint, entitling Defendants to reasonably believe that Plaintiffs had dropped allegations as a result of discovery.  Third, and most importantly, even those superceded allegations which Plaintiff identifies in the present motion fail to state a claim as they are wholly conclusory (<u>e.g.</u>, Defendant "authorized, ratified, and/or intentionally took actions") (Second Am. Compl. ¶ 14) and therefore insufficient to state a claim, or illogical (<u>e.g.</u>, Defendant "sanctioned this [discriminatory conduct] by stating unequivocally in a letter sent in response to the inquiry by some of these operators, that the inspectors are given discretion") (Compl. ¶ 76).

5.   Plaintiffs also argue that dismissal after discovery has been completed is prejudicial to Plaintiffs and therefore

improper.  This argument does not represent a dispositive fact or controlling opinion raised but not considered, as Plaintiff cites no law in support of this proposition and it was not previously raised.  But even considering this argument on its merits, the basis of the dismissal was the failure to allege facts that state a claim.  Plaintiffs had multiple opportunities to amend the Complaint in response to several years of discovery, and indeed, offered a proposed Fourth Amended Complaint in response to the motion to dismiss.  The Court found that even the proposed amendment was futile.  While it is unfortunate that time and resources were wasted on claims for which Plaintiffs were unable to allege sufficient facts even after extensive discovery, that is hardly a reason to permit more time and resources to be wasted on such claims.

    6.  Finally, Plaintiffs argue that the Court denied Plaintiffs' motion to amend without a finding of prejudice to Defendants.  This is simply a misstatement of the Court's Opinion, which explicitly discussed the issue of prejudice and the basis for the Court's finding (and in most cases found the amendments to be futile even if they were not prejudicial).

    7.  Normally, this Court never comments upon stylistic or grammatical deficiencies, but Plaintiffs' counsel's submissions upon this reconsideration motion demand an exception to this rule.  This reconsideration brief, both on the merits and

stylistically, ranks as one of the most deficient briefs I have encountered that is signed by a lawyer.  The brief in support of this motion includes inconsistent paragraph spacing, inconsistent fonts, inconsistently colored fonts, inconsistent paragraph justification, portions of paragraphs apparently referring to another case, numerous sentence fragments (e.g., "That being the case Plaintiff's requests that their LAD" or "However Plaintiffs case after this length of time and funds were mostly disposed of"), paragraphs that are repeated, incorrectly quoted cases, and numerous, repeated misspellings and verb tense disagreements. Plaintiffs' attorneys submitted a "corrected" version of the brief, which astonishingly made changes only to page 9, which page still contains a randomly-centered paragraph, an incomprehensible sentence fragment, subject verb disagreement, stray punctuation, other grammatical mistakes, and substantive errors.  Any evidence that counsel took the time to proof read this important filing is well-concealed.

    8.  Mistakes happen, but the magnitude and pervasiveness of both substantive and stylistic errors make Plaintiffs' brief embarrassingly unprofessional.  While it is hard to comprehend such a brief or to repose any confidence in the points it attempts to make, this Court has done its best to address each point.  The Court takes this opportunity to remind Yvette Sterling and Barbara E. Ransom of the Sterling Law Firm LLC, Ezra

D. Rosenberg and William Gibson of Dechert LLP, and Michael Churchill of the Public Interest Law Center of Philadelphia that their names are appended to these submissions,[2] and they should be mindful of their obligations to their clients and this Court.

9.  Because Plaintiffs present no basis for reconsideration, the motion will be denied.  The accompanying Order will be entered.

**Date: September 29, 2010**        **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

---

[2] The brief was signed by Yvette Sterling, Esq., who also submitted the corrected version of page 9 under cover of July 7, 2010.